CAROLINA FABELO ETC., Plaintiff and Appellee, *v.* ANDRÉS QUINTANA REYES ET AL., ETC., Defendants and Appellants.

No. 6305. Argued June 21, 1934.—Decided June 26, 1934.

*R. Padró Parés* for appellants; *Pedro G. Quiñones* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The only issue involved is whether the District Court of San Juan acted in accordance with the facts and the law in securing the effectiveness of the judgment without a bond.

The complaint sets forth three causes of action. In the first one $1,060 are claimed as the reasonable value of a certain truck; in the second, one thousand dollars more for the use of the same, and in the third, $500 for costs, disbursements and attorney's fees of the plaintiff in prosecuting the action concerning the truck.

The plaintiff moved to secure ·the effectiveness of the judgment that might be rendered, and the court decreed it as we have stated, without a bond. The defendant prayed for its nullity but the court denied it in a reasoned resolution which, in part, reads:

"The action filed in case No. 1182 concerned the delivery of chattels that the plaintiffs alleged they had purchased from the defendants, and as it appears from the record of said case 1182, said property, to wit, a truck, was delivered to the plaintiffs through a bond given in the purview of Section 173 of the Code of Civil Procedure.

"The court dismissed the complaint on the grounds set forth in the opinion attached to the record, and which was made part of the judgment. In the opinion that served as grounds and which was made a part of the judgment, the court held:

" The evidence has shown that the Day Elder truck, registration number H–204, which said evidence refers to, was the property of the defendant, Juana Martín, on March 23, 1926 and that the same was registered in her name in the Department of the Interior. The other defendant was Rafael Porras, the administrator of the business of renting said truck; and it has not been proved to the satisfaction of the court, as alleged by the plaintiffs, that the defendants live in concubinage as husband and wife.'

"Although the judgment did not order the devolution of the truck to defendant Juana Martín, as provided for by Section 173 of the Code of Civil Procedure, there is no doubt that after judgment was rendered against them there arose the obligation of the then defendants to return the truck in question to its owner, Juana Martín, if the complaint had , been dismissed or if the truck had been delivered to the then plaintiffs through a bond given in accordance with Section 173 aforesaid.

"As the statement of the case and the opinion are part of the judgment in case number 182, the court thinks that the judgment in said case is an authentic document sufficient in itself to warrant a decree to secure the effectiveness of a judgment without bond, as it was decreed in this case December 7, last."

Aggrieved by the judgment defendant Andrés Quintana Reyes took this appeal and assigned three errors that may be discussed briefly.

The law and jurisprudence applicable are well known. The first is found primarily in Section 4 of the Law to Secure the Effectiveness of Judgments, which in part reads:

"If it be clearly shown by means of any authentic document that the fulfillment of the obligation may be legally enforced, the court shall decree the remedy without bond." Code of Civil Procedure, 1933 Ed., p. 99.

And the cases have upheld this repeatedly. We cite one of them, *Avalo* v. *Porrata, et al.,* 19 P.R.R. 19, where it was decided, transcribing from the syllabus:

"In order that an attachment to secure the effectiveness of a judgment may be decreed without bond, it is necessary that it clearly appear from an authentic document that the obligation may be legally enforced, which means that not only must the document on which the petition is based be authentic, but that the judge may determine easily whether the obligation exists and is enforceable."

The appellant admits that the judgment that served as grounds for the district court is an authentic document, but sustains that it does not appear from it that the sums claimed are recoverable, because it merely dismissed the complaint with costs.

If the judgment were not explained by the statement of the case, and the opinion, which is part of the same, the appellant would be correct in his contention; but as it is, the court did not err in acting in the way it did.

It is true that the exact value of the truck is not susceptible to being proved through the pleadings or the evidence, the same as the sum claimed for the use thereof, and that the costs are perhaps open to debate, but that does not mean that the sums claimed do not appear from authentic documents, as are the judgment and the bond we are dealing with, and that they are not recoverable.

The appeal should be dismissed and the order appealed from affirmed.